J-A20031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALFRED GERARD NOEL | : | |
| | : | |
| Appellant | : | No. 357 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 4, 2018
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0002724-2016

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:          **FILED SEPTEMBER 25, 2019**

Appellant, Alfred Gerard Noel, appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas, following his bench trial convictions for driving under the influence ("DUI")—controlled substance and possession of a small amount of marijuana.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts of this case.  Therefore, we have no need to restate them.  Procedurally we add, on November 6, 2018, Appellant proceeded to a bench trial, where Trooper Catherine Long, the arresting officer, testified.  That same day, the court convicted Appellant of one count each of DUI—controlled substance and possession of a small amount of marijuana.  The court sentenced Appellant

---

[1] 75 Pa.C.S.A. § 3802(d)(2) and 35 P.S. §780-113(a)(31)(i), respectively.

on December 4, 2018, to an aggregate term of seventy-two (72) hours to six (6) months' incarceration, plus costs and fines. On December 12, 2018, Appellant filed a timely post-sentence motion, which the court denied on February 25, 2019. Appellant filed a timely notice of appeal on February 27, 2019. The court ordered Appellant on March 1, 2019, to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b); Appellant timely complied on March 7, 2019.

Appellant raises two issues for our review:

> DID THE TRIAL COURT ERR WHEN IT CONCLUDED THAT THE COMMONWEALTH PRESENTED SUFFICIENT EVIDENCE TO SUSTAIN THE VERDICT AT EACH COUNT?
>
> DID THE TRIAL COURT ERR WHEN IT CONCLUDED THAT THE VERDICT WAS NOT AGAINST THE WEIGHT OF THE EVIDENCE SO AS TO SHOCK ONE'S SENSE OF JUSTICE?

(Appellant's Brief at 5).

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every

- 2 -

element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005).

The following principles apply to a weight of the evidence claim:

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

The Vehicle Code defines the offense of DUI, in relevant part, as follows:

**§ 3802. Driving under influence of alcohol or controlled substance**

\* \* \*

**(d) Controlled substances.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following

circumstances:

\* \* \*

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).   Additionally, the Controlled Substance, Drug, Device and Cosmetic Act defines the offense of possession of a small amount of marijuana, in relevant part, as follows:

### § 780-113.  Prohibited acts; penalties

(a)   The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(31)     Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use….

For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

35 P.S. § 780-113(a)(31)(i).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Edward E. Guido, we conclude Appellant's issues merit no relief.  The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed March 26, 2019, at 3-4) (finding: **(1-2)** in light of Trooper Long's training and experience, Appellant's attempt to hide

suspected marijuana, and Appellant's admission that he had smoked marijuana recently, evidence showed substance Trooper Long observed on vehicle window track was marijuana; regarding DUI—controlled substance charge, Appellant admitted to officers during stop he had smoked marijuana earlier that evening, and marijuana was present on driver-side window track of vehicle; additionally, evidence indicated Appellant was impaired at time of stop; Appellant was under influence of marijuana to degree that impaired his ability to drive safely; evidence was sufficient to convict Appellant of DUI—controlled substance; moreover, evidence at trial provided no other reasonable explanation for multiple indications of Appellant's impairment; verdict did not shock conscience and was not against weight of evidence).  The record supports the trial court's rationale.  Accordingly, we affirm based on the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/25/2019

Circulated 08/27/2019 09:57 AM

COMMONWEALTH

v.

ALFRED GERARD NOEL

: IN THE COURT OF COMMON PLEAS OF
: CUMBERLAND COUNTY, PENNSYLVANIA
:
:
: CP-21-CR-2724-2016
:
:
:

2019 MAR 26 AM 8: 46
CLERK OF COURT
CUMBERLAND COUNTY PA
FILED

## IN RE: OPINION PURSUANT TO Pa. R.A.P. 1925

Guido, P.J., March 25, 2019

On November 6, 2018, we found the defendant guilty of Driving Under the Influence—Controlled Substance[1] and Unlawful Possession of a Small Amount of Marijuana[2]. On December 4, 2018, we sentenced the defendant. He filed post-sentence motions on December 12, 2018. We denied the motions on February 25, 2019. This timely appeal followed. On appeal, the defendant alleges that (1) we erred when we denied his motion for acquittal based on the sufficiency of the evidence and (2) we erred when we denied his motion for a new trial based on the weight of the evidence. We will explain the reasons for our decisions in the discussion that follows.

## FACTS

At around 3:22AM on March 26, 2016, Trooper Long of the Pennsylvania State Police was stationary near mile marker 47 of Interstate 81 South operating radar.[3] She observed the defendant's vehicle approach at a high-rate of speed. She clocked the vehicle at 74 MPH in a 55 MPH zone.[4] She activated her emergency lights to initiate a traffic stop.[5] Once the vehicle pulled over, the trooper approached the occupants from the passenger-side. She viewed the defendant in

---

[1] 75 Pa.C.S. § 3801(d)(2).
[2] 35 P.S. § 780-113(a)(32).
[3] Transcript of Proceedings, *In Re: Non-Jury Trial*, November 6, 2018, at 4:10-23. We note that the trooper mistakenly said 3:22PM when other evidence assured us that the time was in fact 3:22AM.
[4] Tr. at 5:9-16.
[5] *Id.*

the driver seat and another occupant in the front passenger seat. She requested the defendant's driver's license and the documentation for the vehicle's insurance and registration. At that point, the defendant explained that he did not have his license on him and instead recited his Massachusetts operator's license number.[6]

During the trooper's interaction with the defendant, she observed that his speech was slow[7] and that his pupils remained dilated in the light of her flashlight[8]. Upon making her way to the driver-side of the vehicle, she noticed a bud of marijuana on the track of the defendant's window.[9] She also smelled the odor of raw marijuana coming from the vehicle. The defendant then began to swipe the marijuana from the window track.[10] Upon those observations, the trooper ordered him to exit the vehicle. After patting him down, she directed him to the front of her patrol vehicle. He had difficulty following her directions and seemed sluggish on his feet. She had to redirect him before he complied. Upon questioning, he admitted that he had smoked marijuana the prior evening.[11]

The trooper performed standard field sobriety tests on the defendant. She was unable to administer the horizontal gaze nystagmus test due to the defendant's inability to follow directions. During the walk-and-turn test, he exhibited multiple signs of impairment. He was unable to keep his balance and stepped off of the line. He made an improper turn. He had to stop and restart the test, and he missed multiple steps. He also showed signs of impairment during the

---

[6] Tr. at 7:1-5.

[7] Tr. at 7:12-16.

[8] Tr. at 17:18-18:2.

[9] Tr. at 7:19-23.

[10] The trooper attempted to retrieve what was left of the marijuana but it fell inside of the window track. Tr. at 13:16-24.

[11] Since the stop occurred in the early morning hours of March 26, 2016, we found the defendant's admission to be referring to the evening of March 25, 2016.

one-leg stand. He swayed during the test and had to put down his foot at one point. He also miscounted.

Based on her observations and experience, the trooper charged the defendant with multiple offenses which included DUI—Controlled Substance and Possession of Small Amount of Marijuana. After a non-jury trial, we found the defendant guilty beyond a reasonable doubt of the DUI and possession charges. We also denied the defendant's post-sentence motions based on the sufficiency and weight of the evidence. The defendant appealed.

## DISCUSSION

A person is guilty of unlawful possession of marijuana if he knowingly or intentionally possessed marijuana. It must be proven that the defendant exercised conscious dominion over what he knew to be marijuana. *Commonwealth v. Valette*, 387, 613 A.2d 548, 549 (Pa. 1992). Given the trooper's training and experience, along with the defendant's attempt to hide the suspected marijuana bud and his admission to having smoked marijuana recently, we were satisfied that what the trooper observed by sight as being marijuana was in-line with what she observed by smell. Such evidence was sufficient for us to find beyond a reasonable doubt that the bud in the defendant's window track was indeed marijuana and that the defendant knew and was in control of that marijuana.[12] Therefore, we found him guilty of unlawful possession of marijuana.

As to the DUI charge, subsection 3802(d)(2) prohibits driving if one is under the influence of a drug or combination of drugs to a degree which impairs one's ability to safely drive. *Commonwealth v. Griffith*, 32 A.3d 1231, 1239 (Pa. 2011). Expert testimony is not required for a conviction under this section. *Id.* Here, there was evidence regarding the defendant's marijuana consumption the prior evening, which was just hours before the 3:22AM

---

[12] This is especially true in light of his admission to having smoked marijuana a few hours before the stop.

traffic stop. Marijuana was also present on the driver-side window track of the vehicle, directly within the defendant's control. Additionally, there was a plethora of evidence indicating that he was impaired. His pupils were dilated and his demeanor was sluggish. He had difficulty following directions. He performed the standard field sobriety tests poorly. Based on her training and experience, the trooper ascertained from her observations that the defendant was under the influence of marijuana to a degree which impaired his ability to drive safely.

We were satisfied that these facts were sufficient for us to find beyond a reasonable doubt that the defendant violated 3802(d)(2) of the Vehicle Code. Moreover, the evidence at trial did not provide any other reasonable explanation for the defendant's dilated pupils, slow speech and movement, or poor performance on the sobriety tests. Upon our review of the record, our conscience was not shocked at the verdict. Therefore, we were satisfied that the verdict was not against the weight of the evidence under these facts.

By the Court,

Edward E. Guido, P.J.

Distribution:

Courtney Hair LaRue, Esquire
Office of the District Attorney

Christopher R. Sherwood, Esquire
Office of the Public Defender

Clerk of Courts

Copies distributed 3/26/19